Maurice VerStandig, Esq.
Nevada Bar No.: 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: (301) 444-4600
Facsimile: (301) 444-4600
Email:  mac@mbvesq.com
*Counsel for Mohamed Elakhdar*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MOHAMED ELAKHDAR,<br><br>　　Plaintiff,<br><br>v.<br><br>NEVADA PROPERTY 1 LLC d/b/a THE COSMOPOLITAN OF LAS VEGAS<br><br>　　Defendant. | Case No. 2:22-cv-181 |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Comes now Mohamed Elakhdar ("Mr. Elakhdar" or the "Plaintiff"), by and through undersigned counsel, and as and for his complaint (the "Complaint") against Nevada Property 1, LLC d/b/a The Cosmopolitan of Las Vegas ("NP1" or the "Defendant") states as follows:

**Introduction**

1.　　This case concerns the Defendant's assault, battery, and false imprisonment of Mr. Elakhdar, a guest of the Defendant's hotel who had the temerity to try to enter the premises through a side door on a cold night.

2.　　For the sin of seeking a respite from a chilly evening and a bustling street in the throes of a pandemic, and for having the gall to verbally protest being ordered to circumnavigate



COMPLAINT AND DEMAND FOR TRIAL BY JURY - 1

1  the Defendant's property, Mr. Elakhdar was physically shoved by a security guard, pushed once
2  again, grabbed by his arm, thrust to the floor, and brutally battered by a swarm of individuals
3  working for the Defendant.

4      3.    While the Defendant's security forces pummeled Mr. Elakhdar, at least one such
5  guard – known as "Tommy" – saw fit to identify Mr. Elakhdar as being "Arab," making clear the
6  brutalization of Mr. Elakhdar was correlative not merely to the entrance he endeavored to use but,
7  too, his ethnicity.

8      4.    In time, Mr. Elakhdar was escorted to his hotel room with orders to pack his
9  belongings, notified that his efforts to summon medical assistance were futile since the
10 Defendant's security could waive off an emergency response call, tightly handcuffed, threatened
11 with the abyss of a night in jail, and tossed in a holding cell while law enforcement was
12 summoned.

13     5.    Mr. Elakhdar suffered injuries at the hands of the Defendant and was prejudicially
14 targeted by the Defendant on account of his ethnicity; for these wrongs, Mr. Elakhdar now brings
15 suit.

16     **Parties**

17     6.    Mr. Elakhdar is a natural person who is a citizen of the United States residing
18 within the Arab Republic of Egypt and who is accordingly considered an Egyptian citizen solely
19 for purposes of assessing diversity jurisdiction.

20     7.    NP1 is a Delaware limited liability company with its principal place of business
21 being in the State of Nevada.

22     8.    Upon information and belief, and solely for purposes of determining the
23 citizenship of the Defendant, NP1 has – as recently as October 7, 2019 – indicated, in a filing in



this Honorable Court, that it is owned by (i) BRE Spade Mezz 1 LLC and (ii) BRE Spade Voteco LLC. *See Nevada Property 1, LLC v. Citibank, N.A., et al.*, Case No. 2:19-cv-1121-APG-NJK (DE #41).

9. Upon information and belief, and solely for purposes of determining the citizenship of the Defendant, NP1 "is wholly owned by other limited liability companies tracing back to 100% ownership by BRE Spade Parent LLC." *Morris Schneider Wittstadt, LLC v. Nevada Property 1 LLC*, Case No. 2:15-cv-01175-RFB-VCF (DE #18 at 22:3-5).

10. Upon information and belief, and solely for purposes of determining the citizenship of the Defendant, "BRE Spade Parent LLC is in turn owned by twelve limited partnerships organized in Delaware." *Id.* at 22:6-7.

11. Upon information and belief, and solely for purposes of determining the citizenship of the Defendant, "Nevada Property 1 LLC is a citizen of Delaware for purposes of diversity." *Id.* at 22:17.

12. Upon information and belief, and solely for purposes of determining the citizenship of the Defendant, no member of the Defendant is of Egyptian citizenship for purposes of assessing diversity jurisdiction.

13. The degree to which Marriot International, Inc. is vicariously culpable for some or all of the wrongs complained of herein will be learned through discovery; the hotel in which the at-issue events occurred is branded as being a Marriot hotel, and is a place at which Mr. Elakhdar would not have stayed but for the Marriot affiliation. Mr. Elakhdar necessarily notes he will seek leave to amend, to add Marriot International, Inc. (or some other related entity) as a defendant hereto should discovery yield evidence suggesting such to be proper and legally justifiable.



**Jurisdiction & Venue**

14. This Honorable Court enjoys jurisdiction over the matter *sub judice* pursuant to the allowances of Section 1332 of Title 28 of the United States Code, as this is a dispute between citizens of different states in which the matter in controversy exceeds $75,000.00.

15. Venue is properly laid in the Honorable Court pursuant to Section 1391(b) of Title 28 of the United States Code because a substantial part of the events giving rise to the claims stated herein occurred at the Defendant's property in Clark County, Nevada.

**General Allegations**

16. Toward the end of 2021, Mr. Elakhdar traveled to the United States for various personal reasons, and elected to spend a portion of the holidays in Las Vegas, where he booked a room at the Defendant's hotel.

17. On the evening of December 31, 2021, Mr. Elakhdar had dinner on the Defendant's property at a restaurant, concluding the meal slightly after midnight.

18. At this time, Mr. Elakhdar walked outside to see a friend staying at another casino resort but, due to the cold weather and the tight concentration of tourists, elected to return to the Defendant's hotel.

19. At the hour at which Mr. Elakhdar endeavored to return to the Defendant's hotel, it was approximately 45 degrees Fahrenheit in Las Vegas, Nevada.

20. In attempting to re-enter the premises, Mr. Elakhdar was informed – by a uniformed security guard – that entry was not permitted through a given door and that Mr. Elakhdar would have to walk around the perimeter of the hotel (through countless individuals all seemingly tightly-packed), despite the near-freezing conditions.



21. Mr. Elakhdar demurred, indicating himself to be a guest of the hotel; in turn, the Defendant's security personnel assumed a hostile and elevated tone, shouting at Mr. Elakhdar.

22. A senior security guard known as "Tommy" then appeared, continued to shout at Mr. Elakhdar, and called Mr. Elakhdar an "a**hle."

23. At this point, the Defendant's security personnel – for either the first or second time – physically shoved Mr. Elakhdar, as Tommy loudly identified Mr. Elakhdar as a "f**king Arab" and joined in the physical shoving of Mr. Elakhdar.

24. Mr. Elakhdar was wrestled to the floor, handcuffed, and taken to a security room within the Defendant's hotel, against his will.

25. Following a brief stay in the security room, Mr. Elakhdar was escorted to his hotel room and instructed to pack his belongings, with his handcuffs being briefly removed for this purpose before being reapplied; at this juncture, Mr. Elakhdar began experiencing heart palpitations.

26. With Mr. Elakhdar experiencing heart palpitations, a friend of Mr. Elakhdar – now present on the scene – called 911; Tommy – still present – used his phone, in turn, to place a call to an unknown number and instruct emergency response personnel to not respond to the report of Mr. Elakhdar's heart palpitations.

27. Tommy then proclaimed "you're calling the police, I'm going to have you spend the night in jail," in a threatening tone, or used some words of approximation thereto.

28. At this juncture, Mr. Elakhdar was again handcuffed and returned to the security room – a glorified jail cell – against his will, without his consent, and without the ability to freely leave.



29. When authorities finally arrived, Mr. Elakhdar displayed an elevated heartbeat and escalated blood pressure; the Defendant's security personnel commanded medical personnel to re-measure Mr. Elakhdar's vital signs, indignant at the suggestion he was actually experiencing palpitations.

30. Throughout this ordeal, the handcuffs applied to Mr. Elakhdar were so tight as to inflict pain and, as of the filing of this Complaint, remnants of such persist, with nerves proximate to Mr. Elakhdar's wrists causing notable pain.

31. Mr. Elakhdar is under medical care and supervision as he confronts injuries from being violently assaulted by the Defendant's security staff and being too-tightly handcuffed; none of the injuries pose a likely risk of permanent damage, and the injuries are not as grave as those inflicted upon an unrelated African American guest of the Defendant's premises on the same evening, but the injuries are nonetheless extant and demanding of medical care.

32. Mr. Elakhdar's hands remain partially numb as of the drafting of this pleading, with pain also remaining in his lower back.

33. On January 6, 2022, with his injuries still persisting, Mr. Elakhdar was seen at the Kaiser Permanente West Los Angeles Medical Center and diagnosed with a tingling sensation in his left hand and neuropathy.

34. The following day, Mr. Elakhdar received additional medical treatment through remote means, and was prescribed medication to address the nerve damage stemming from the Defendant's actions.

**Count I – False Imprisonment**

35. Mr. Elakhdar incorporates and realleges each and every foregoing paragraph of this Complaint as though fully set forth herein.



36. The Defendant confined Mr. Elakhdar in a holding cell, on the Defendant's property, for a prolonged period of time.

37. The Defendant intended to undertake this act, as the Defendant's own agents cognizantly caused Mr. Elakhdar to be confined.

38. Mr. Elakhdar was conscious of his confinement at all times relevant and suffered harms correlative to his loss of freedom and mobility, together with the inherent fear of being confined in the detention facility of a Las Vegas casino, for a protracted period of time.

39. In light of the Defendant's lawless action, Mr. Elakhdar was particularly apprehensive of what other illegal conduct would be visited upon him, by the Defendant's agents, for the whole of his detention.

WHEREFORE, Mr. Elakhdar respectfully prays this Honorable Court (i) enter judgment in his favor, and against the Defendant, in the sum of Two Hundred Thousand Dollars and No Cents ($200,000.00) as and for compensatory damages; (ii) enter judgment in his favor, and against the Defendant, in the sum of Five Hundred Thousand Dollars and No Cents ($500,000.00) as and for punitive damages; and (iii) afford such other and further relief as may be just and proper.

## Count II – Battery

40. Mr. Elakhdar incorporates and realleges each and every foregoing paragraph of this Complaint as though fully set forth herein.

41. The Defendant's agents shoved, pushed, and repeatedly beat Mr. Elakhdar, against his will, in a violent, offensive, wanton and wholly unnecessary manner.

42. The Defendant's agents handcuffed Mr. Elakhdar, without cause or justification, in a violent and offensive manner, and applied said handcuffs in a fashion that injured Mr.



Elakhdar both at the time of application and throughout the cuffs being worn, with harm still being extant from this episode.

43. Mr. Elakhdar is currently receiving medical treatment for his injuries, has incurred liabilities associated with such treatment, and will continue to incur liabilities associated with such treatment.

44. The brutalization of Mr. Elakhdar was correlative to this ethnicity, with the Defendant's own agent identifying Mr. Elakhdar as an "Arab" during the course of violent proceedings.

45. At least one other patron of the Defendant – an African American man – was similarly brutalized by the Defendant on the same night as Mr. Elakhdar.

WHEREFORE, Mr. Elakhdar respectfully prays this Honorable Court (i) enter judgment in his favor, and against the Defendant, in the sum of One Hundred Thousand Dollars and No Cents ($100,000.00) as and for compensatory damages; (ii) enter judgment in his favor, and against the Defendant, in the sum of Five Million Dollars and No Cents ($5,000,000.00) as and for punitive damages; and (iii) afford such other and further relief as may be just and proper.

**Count III – Assault**

46. Mr. Elakhdar incorporates and realleges each and every foregoing paragraph of this Complaint as though fully set forth herein.

47. The Defendant shoved, pushed, and repeatedly beat Mr. Elakhdar, against his will, in a violent, offensive, wanton and wholly unnecessary manner.

48. Mr. Elakhdar was cognizant of these actions at all times, apprehended each act of violence at the time of its occurrence and feared for the ramifications of each shove prior to being so shoved.

49. Mr. Elakhdar was reasonable in forming these apprehensions, as the Defendant chose to repeatedly batter Mr. Elakhdar and to target Mr. Elakhdar as a minority.

50. The brutalization of Mr. Elakhdar was correlative to this ethnicity, with the Defendant's own agent identifying Mr. Elakhdar as an "Arab" during the course of violent proceedings.

51. At least one other patron of the Defendant – an African American man – was similarly brutalized by the Defendant on the same night as Mr. Elakhdar.

WHEREFORE, Mr. Elakhdar respectfully prays this Honorable Court (i) enter judgment in his favor, and against the Defendant, in the sum of One Hundred Thousand Dollars and No Cents ($100,000.00) as and for compensatory damages; (ii) enter judgment in his favor, and against the Defendant, in the sum of Five Million Dollars and No Cents ($5,000,000.00) as and for punitive damages; and (iii) afford such other and further relief as may be just and proper.

**Jury Demand**

Pursuant to, and in accordance with, the allowances of Federal Rule of Civil Procedure 38, Mr. Elakhdar prays a trial by jury on all matters so triable.

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: 301-444-4600
Facsimile: 301-444-4600
Electronic Mail: mac@mbvesq.com
*Counsel for Mr. Elakhdar*

